FILED

2020 May-22  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

James Broughton

**DEFENDANTS**

Life Insurance Company of North America,
Optiv Security, Inc
The Optiv Security Life and Disability Plan

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☐ 2  U.S. Government
Defendant
- ☐ 3  Federal Question
*(U.S. Government Not a Party)*
- ☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☒ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 371 Truth in Lending | | | |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | | |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | |
| ☐ 290 All Other Real Property | | | | |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | |
| | ☐ 441 Voting | ☐ 463 Alien Detainee | | |
| | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §1132

Brief description of cause:
Claim for Long Term Disability Benefits under ERISA

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*    JUDGE _____   DOCKET NUMBER _____

DATE  5/6/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **JAMES BROUGHTON,**<br>**An individual,** | ) <br> ) <br> ) |
| **PLAINTIFF,** | ) <br> ) <br> ) |
| **v.** | ) **CASE NO. CV** _____ <br> ) |
| **LIFE INSURANCE COMPANY OF**<br>**NORTH AMERICA; OPTIV**<br>**SECURITY LIFE AND DISABILITY**<br>**PLAN; OPTIV SECURITY, INC.,** | ) <br> ) <br> ) <br> ) <br> ) |
| **DEFENDANTS.** | ) <br> ) <br> ) |

## COMPLAINT

COMES NOW Plaintiff James Broughton, and hereby Complains of Defendants Life Insurance Company of North America ("LINA") and The Optiv Security Life and Disability Plan ("Optiv Plan"), and Optiv Security, Inc. ("Optiv") for damages and such other relief as may be appropriate by stating as follows:

### Statement of the Parties

1.      James Broughton, ("Mr. Broughton") is an individual over the age of nineteen (19) and a resident of Birmingham, Alabama.

2.      Defendant LINA is an insurance company which provided a policy of Long Term Disability insurance to Mr. Broughton through his employer Optiv Security, Inc.

3.      Defendant Optiv Plan is the employee benefit plan under which Optiv Security, Inc. and LINA provided Long Term Disability insurance to Mr. Broughton.

4.      Optiv Security, Inc. is a foreign corporation which employed Mr. Broughton and which was the administrator of the Optiv Plan.

## Jurisdiction

3.    This matter comes before this Honorable Court pursuant to the Employee Retirement Income and Security Act (ERISA).  29 U.S.C. § 1132 (e)(1)(2).

## Statement of the Facts

4.    James Broughton had a Long Term Disability policy of insurance with Defendants.

5.    Upon information and belief, Optiv Security, Inc. is the administrator of the Optiv Plan and provided a long term disability policy to Mr. Broughton with policy number LK0964250.

6.    Upon information and belief, Defendant Optiv Security, Inc. is the administrator and sponsor of Defendant Optiv Plan and appointed LINA as the named fiduciary of the Optiv Plan.

7.    Defendants have a conflict of interest with respect to the determination and denial of Mr. Broughton's benefits under his long term disability policy.

8.    Mr. Broughton has been treated for lower back and neck problems by various medical providers including:  Ronald Moon, M.D., Thad Ryles, M.D., and Perry Savage, M.D. of Alabama Orthopedic Spine and Sports.

9.    According to Dr. Savage, Mr. Broughton suffers from lower back pain and neck problems related to cervical and lumbar stenosis and degenerative disc disease which limits his ability to sit, walk, or stand for a prolonged period.  Further, Dr. Savage noted that Mr. Broughton has severe stenosis in his lower back, neck, arthritis in shoulders and right knee. Further, Dr. Savage has stated that Mr. Broughton will be incapacitated due to his medical condition and that he will be physically and permanently disabled from any employment. Dr.

Savage's deposition was provided to Defendants through LINA and is incorporated herein in its entirety by reference. Dr. Savage's deposition will be provided to this Honorable Court as "Exhibit A".[1]

10.    As a result of his medical issues, Mr. Broughton applied for, and received, Social Security Disability benefits.

11.    In light of the Social Security ruling and his doctor's opinions, Mr. Broughton applied for his Long Term Disability ("LTD") benefits with Defendants.

12.    On July 25, 2019, the Defendant denied Mr. Broughton's claim for LTD. See a copy of the attached denial letter attached hereto as Exhibit "B".

13.    On January 13, 2020, the undersigned counsel sent a letter to Defendant LINA along with a report from Russ Gurley, LPC, a vocational expert ("Mr. Gurley"), assessing Mr. Broughton's employability and vocational disability. A copy of said letter is attached hereto as Exhibit "C". A copy of said vocational disability report is incorporated herein by reference and will be provided to this Honorable Court as "Exhibit D".[2]

14.    Mr. Gurley clearly states in his report that "Mr. Broughton is 100% permanently and totally disabled from all reasonable and suitable gainful employment".

15.    Further, Mr. Gurley determined Mr. Broughton meets the definition of disabled as defined by The Optiv Plan and LINA through CIGNA[3] in that he is (1) "unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; or (2) unable to earn 60% or more of his or her indexed Earnings".  See Exhibit "D".

---

[1] Plaintiff is not filing said deposition for privacy reasons.
[2] Plaintiff is not filing said vocational report for privacy reasons.
[3] CIGNA is understood to be an agent and trade name of LINA and not a legal entity based upon reported cases.

16.     Further, Mr. Gurley reported, "The subjective presentation of Mr. Broughton during this vocational assessment would further indicate that no reasonable employer would hire him".

17.     Defendants responded on March 4, 2020 by and through CIGNA refusing to consider Russ Gurley's report and Dr. Savage's deposition and upheld their prior decision to deny Dr. Broughton's claim. A copy of said letter is attached hereto as Exhibit "E".

18.     As a result, this lawsuit was initiated.

## ERISA CLAIMS

19.     Plaintiff restates all paragraphs above as if fully set forth herein.

20.     Defendants abused their discretion and acted unreasonably, arbitrarily and capriciously in denying Plaintiff his LTD.

21.     Defendants have improperly denied Plaintiff his LTD benefits in the following manner:

a.      They failed to acknowledge the findings of the treating physicians who indicated that Mr. Broughton was unable to work;

b.      They failed to take into account the medical records of the treating physicians;

c.      They failed to take into consideration the fact that Plaintiff was awarded Social Security disability benefits and didn't even inquire as to what medical evaluation was performed by the Social Security Administration;

d.      They evaluated the medical and vocational evidence in a biased manner;

e.      They ignored the vocational evaluation and report of Russ Gurley;

f.      They ignored Dr. Savage's deposition testimony under oath; and

g.      Defendants abused their discretion and acted arbitrarily and capriciously

in their review and denial of Mr. Broughton's claim for LTD.

22.     The Defendant's denial of long-term disability benefits is a violation of 29 U.S.C.

§1132(a)(1).

WHEREFORE, Plaintiff James Broughton prays for the following relief: a) Declaratory

relief that he is entitled to LTD benefits, past and present, plus interest; b) Reasonable attorney

fees and costs pursuant to 29 U.S.C. §1132(a); and c) Any other relief that this Honorable Court

deems appropriate.

Respectfully Submitted,

Jon E. Lewis (LEW033)
Attorney for Plaintiff

**OF COUNSEL:**

Lewis & Feldman, LLC
The Magnolia Office Plaza Building
2112 11th Avenue South, Suite 542
Birmingham, Alabama  35205
205-254-6060 telephone
205-254-3939 facsimile
jon@lewisandfeldman.com

**<u>SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:</u>**

Life Insurance Company of North America
1600 Arch Street
Philadelphia, PA

Optiv Security, Inc.
C/o C.T. Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

The Optiv Security Life and Disability Plan
C/o C.T. Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

# EXHIBIT A

(Dr. Savage's deposition will be provided at a later date)

# EXHIBIT B

*Linda T*
**CIGNA Group Insurance**
646
Disability Management Solutions
P.O. Box 30017
Phoenix, AZ 85046

Phone: 855-207-8101 ext. 5006263
Fax: 855-518-8425
www.mycigna.com



JAMES BROUGHTON
4138 Riverbrook Road
Irondale, AL 35210

July 25, 2019

| | |
|---|---|
| Name: | JAMES BROUGHTON |
| Incident Number: | 4250092 |
| Plan/Policy Number: | LK0964250 |
| Plan/Policy Holder: | OPTIV SECURITY |
| Underwriting Company: | Life Insurance Company of North America |

DEAR JAMES BROUGHTON,

This letter is regarding your Long Term Disability (LTD) claim. We have separated this letter into subject headings for your ease of reference.

In our letter dated April 3, 2019 we advised you we were conducting an evaluation to determine your eligibility for benefits beyond August 26, 2019, which is when your policy's definition of disability changes.

## Will You Continue to Receive Disability Benefits?

After completing our review of your claim, we are unable to continue paying benefits beyond August 25, 2019.

According to your Employer's Disability policy:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1. unable to perform the material duties of his or her Regular Occupation; or*
*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been paid for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
*1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; or*
*2. unable to earn 60% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability"*

## What Information Was Reviewed?

We recently completed a review of the information on file. When reviewing your claim for disability benefits, all information on file was considered. This included, but was not limited to the following:

"Cigna" and the "Tree of Life" logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries, including Life Insurance Company of North America, Connecticut General Life Insurance Company and Cigna Life Insurance Company of New York, and not by Cigna Corporation.

July 25, 2019
Page 2

-- Medical records from Dr. Savage dated August 20, 2018 through July 8, 2019

-- Medical records from Dr. Moon dated February 19, 2019 through March 19, 2019

-- Medical records from Dr. Alderson dated February 21, 2019

## Who Reviewed Your Claim?

Claim Manager
Senior Claim Manager
Nurse Case Manager, a Registered Nurse
Medical Director, a physician specializing in Orthopedic Surgery
Vocational Rehabilitation Counselor

## How Was the Claim Decision Reached?

Your date of disability is February 27, 2017 and our records show you were out of work due to Spinal Stenosis. You were notified on November 7, 2017, your LTD claim had been approved. We advised you we would continue to monitor your claim and would periodically request updated medical records to confirm your restrictions and limitations.

We spoke with you on April 2, 2019 and you indicated you were off work due to spine issue, you were having epidurals for your lower back and the goal was to keep your pain level manageable. You stated your current providers were Dr. Ryals, Dr. Alderson, Dr. Moon and Dr. Savage. In an effort to get an update on your condition and confirm your current level of functionality, we requested and received medical information from your current providers. We spoke with you on June 3, 2019 and you indicated Dr. Ryals was not restricting you and you only saw him for medication checks due to you Attention Deficit Disorder. You indicated Dr. Savage was your restricting provider and he treated you for your spinal stenosis, curvature of the spine and epidurals as needed. You indicated you had seen Dr. Alderson one time and he was not restricting you from work. You also reported you had testicular cancer years ago but you had been cancer free for years and no follow up was needed. We spoke with you on July 15, 2019 and you indicated you had no change to your condition or treatment other than returning to Dr. Moon for refills on your pain medication. You noted you had not been back to Dr. Savage since your March 14, 2019 office visit. You indicated you had seen Dr. Alderson but it was for a possible referral to another pain provider and you did not receive treatment.

The medical we received was reviewed with our Nurse Case Manager and our Medical Director.

The following notes were found in your medical records:

The office note dated August 20, 2018 from Dr. Savage indicated you were seen for neck and low back pain. Your cervical spine exam was noted to be Spurlings positive with limited range of motion. Your lumbar spine straight leg raise was positive raise and Waddell's signs was negative. You had tenderness around midline and your Para spinal muscles had limited range of motion. Muscle tone and strength was noted to be fair. You were noted to use a cane. A C-spine x-ray showed multiple pose with severe degenerative changes above fusion. A lower spine x-ray showed severe degenerative changes throughout with scoliosis. Your assessment was noted to be spinal stenosis cervical region, cervical disc degeneration, spinal stenosis lumbar region, vertebral disc degeneration lumbar idiopathic scoliosis. Your plan was noted to drive cervical block. Dr. Savage indicated you were totally physically and permanently disabled from doing any gainful employment. A note date August 23, 2018 indicated you had a cervical transforaminal steroid injection C3-7.

The office note dated February 8, 2019 from Dr. Savage indicated your cervical spine exam was Spurlings positive shoulder abduction relief sign is positive decreased range of motion. Your lumbar spine straight leg raise was positive and your Waddells signs negative decreased range of motion. It was noted you ambulated unassisted. Your plan was home exercise and you were given a prescription for a temperature controlled adjustable mattress.

The office note dated March 6, 2019 from Dr. Savage indicated your cervical spine exam was Spurlings positive, shoulder abduction relief sign was positive and decreased range of motion. Your left shoulder impingement test was positive with no instability present. Your range of motion was noted to be normal but you had pain with overhead abduction. A left shoulder x-ray showed some arthritic changes. Your assessment was cervical disc displacement, cervical disc degeneration, lumbar spinal stenosis intervertebral disc degeneration, lumbar bursitis left shoulder and

July 25, 2019
Page 3

primary osteoarthritis of left shoulder. You were to perform home exercises for your left shoulder.

The note dated July 8, 2019 from Dr. Savage indicated you would never be able to return to work and you were unable to do any gainful employment. You were unable to sit, stand, squat, walk, climb, push/pull, lift much weight or do any overhead work for extended periods of time due to pain from severe stenosis in your low back and arthritis in both shoulders and your right knee.

The office note dated February 21, 2019 from Dr. Alderson indicated you ambulated with a cane, you had scoliosis range of motion with irregular gait. Labs were ordered for long term drug therapy and kidney screening as well as a referral for a colonoscopy.

The office note dated February 19, 2019 and March 19, 2019 from Dr. Moon indicated your pain behavior exam was unchanged. You had myofascial tenderness and the impression was noted as bilateral shoulder girdle, neck, right upper extremity pain paresthesia and your status was post gradual inset progressing status post anterior cervical discectomy with fusion (ACDE) C5-7. It was noted cannot rule out cervical lumbar herniated nucleus pulposus with radiculopathy and unspecified drug dependence. Your plan was to continue your current medications.

Our Nurse Case Manager reached out to Dr. Savage in order to obtain clarification regarding the restriction of no work via telephone on June 19, 2019 and left a voice message requesting a return call. A follow up fax was sent requesting the same information to the office fax number on file. Our Nurse Case Manager made a follow up phone call on June 20, 2019 to confirm receipt of the fax and negotiate a response. A third phone call was made by our Nurse Case Manager on June 25, 2019 and a voice message was left requesting a return call. A response was received on July 8, 2019. Dr. Savage indicated you were unable to do any gainful employment.

Our Medical Director reviewed your file and noted the records reflect continued neck and low back pain with non-measure limited motion of both. You were noted to have impingement of your left shoulder with full range of motion but pain on abduction. You were noted to be walking both with and without a straight cane. Our Medical Director noted in light of chronic pain, unmeasured limitation of spine range of motion and use of cane, some activity restrictions were supported. However, the total restriction of all activities and unable to return to work was not.

The Medical Director did agree you require medically necessary work activity restrictions and determined you were capable of the following:

--Frequently sit with sit/stand options, use upper extremities for fine manipulation to include keyboarding
--Occasionally stand and walk, lift and carry 1 to 2 pounds related to use of cane/assistant device
--Infrequent use of stairs and kneeling
--Avoid overhead activities, ladders, unprotected heights, squatting, crouching and crawling

We then referred your claim to our vocational department for review for a Transferable Skills Analysis. They considered your work capacity, restrictions and limitations, along with your education and employment history, to determine occupations that you would be able to perform based on your current work experience.

This review confirmed that you would be able to perform the following occupations:

-- Computer Systems Hardware Analyst - DOT Code # 033.167-010

-- Systems Analyst - DOT Code # 030.167-014

The above identified occupations are compatible with your work capacity. Additionally, all of the jobs listed above satisfy the earnings requirement for your Indexed Covered Earnings under the contract.

The above occupations are considered by the Dictionary of Occupation Titles (DOT) to be sedentary. According to the DOT, sedentary work consists of the following:

*"Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but*

July 25, 2019
Page 4

*may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met."*

Your regular occupation as a Microcomputer Support Specialist is classified by the DOT as a medium occupation. According to the DOT, medium work consists of the following:

*"Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects. Physical Demand requirements are in excess of those for Light Work."*

In summary, the current information on file does not support a significant ongoing physical functional impairment of a severity that would preclude you from performing occupational duties on a full time basis.

At this time, you no longer meet the definition of Disability as stated above. Payments have been made through August 25, 2019 and no further benefits are due.

We are in no way indicating that you do not experience symptoms due to your condition; however, based on our review of the available medical information, we determined that a functional loss is not present at a level of severity to preclude you from performing any occupation.

At this time your claim has been closed and no further benefits are payable.

## How Was Your Social Security Award Considered in the Claim Decision?

A request has been mailed to Social Security on June 11, 2019 to obtain a complete copy of your file. We mailed follow up attempts on June 25, 2019, July 2, 2019 and July 9, 2019 in order to obtain your file but to date we have not received a response. Since our request for information has not been fulfilled, we are unable to consider your SSDI award, and any records related to it, as part of our determination. While consideration was given to your award, we are proceeding with our review based on the current medical records on file which indicate you have sedentary capability.

## What If You Don't Agree With The Claim Decision?

If you disagree with our determination and wish to have it reviewed, please follow the steps described below.

Based on the information provided by your Employer, your claim is governed by the Employee Retirement Income Security Act of 1974, Public Law 93-406 (ERISA). ERISA requires that you go through the Company's administrative appeal review process prior to pursuing any legal action challenging our claim determination.

Here's how to submit your administrative appeal review request:

-- Submit your appeal letter to us within 180 days of August 26, 2019.

-- Your appeal letter should be sent to the Life Insurance Company of North America representative signing this letter to the address noted on the letterhead.

-- Your appeal letter may include written comments as well as any new information you may have.

-- You may also submit additional information. Additional information may include, but is not limited to: medical records from your doctor and/or hospital, test result reports, therapy notes, etc. These medical records should cover the period of September 1, 2018 through present.

You may also wish to have your doctor(s) provide some or all of the following:

-- Copies of any test results which document the severity of your condition to the extent that you are unable to perform the duties of any occupation. Please include copies of any recent test results performed (in the last 6 months).

July 25, 2019
Page 5

-- Specific/limitations/restrictions that preclude you from performing the duties of any occupation. What specific essential job functions, activities of daily living, and social/recreational activities are you incapable of performing?

-- A discussion by your treating physician(s) of the medical evidence which prevents you from performing the duties of any occupation. What are the current data sources used to make these determinations?

-- A discussion by your treating physician(s) describing your current and future treatment plan(s). What are the problems of treatment? What are the treatment goals? What are the treatment strategies for each goal? How does the treatment plan address you returning to work?

You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein. Should you have any information which would prove contrary to our findings, please submit it to us. We will be pleased to review any information you may wish to submit.

Please be aware that you are entitled to receive, upon request and free of charge, information relevant to your claim for benefits.

Please contact our office at 855-207-8101 ext. 5006263 should you have any questions.

Sincerely,

*Linda J*

Linda T
Disability Claim Manager

# EXHIBIT C



**LEWIS & FELDMAN, LLC**
ATTORNEYS AT LAW
*Justice Begins Here*

Jon E. Lewis* jon@LewisAndFeldman.com
Daniel Brian Feldman** dfeldman@LewisAndFeldman.com

www.AlabamaPersonalInjury.com | Toll-Free 888-295-7409 | 205-254-6060 | Fax 866-390-0375
The Plaza Building at Magnolia Park | 2112 11ᵗʰ Avenue South, Suite 542 | Birmingham, Alabama 35205
* Also licensed in Georgia ** Also licensed in Washington, D.C.

January 13, 2020

**Via Facsimile (855) 518-8425**
**Original to Follow Via U.S. Mail**

Ms. Linda T.
Disability Claim Manager
CIGNA Disability Management Solutions
PO Box 30017
Phoenix, Arizona 85046

> **RE:** **Our Clients: James Broughton - APPEAL**
> **Policy No.: LK0964250**
> **Incident No.: 4250092**
> **Plan/Policy Holder: OPTIV Security**

Dear Linda.:

Please confirm your receipt of this fax, and please accept this letter and the attached documents as our final appeal of CIGNA's decision. Enclosed you will find the deposition transcript from Perry L. Savage, Sr., M.D., the films, and the report from Russ Gurley, LPC.

As you can see, both Mr. Gurley and Dr. Savage have provided their expert opinions based on actual evaluations of Mr. Broughton. Both Dr. Savage and Mr. Gurley have determined that Mr. Broughton is 100% totally disabled from any type of gainful employment. They have also deemed CIGNA's determination to deny Mr. Broughton's long term disability benefits arbitrary and unreasonable.

Please confirm that Dr. Savage's deposition transcript and exhibits as well as Mr. Gurley's report are made part of the record for appeal and future litigation if necessary. Also, please confirm that these documents are now part of the record.

Page 2
Ms. Linda T.
January 13, 2020


        Thank you for your time and attention to these matters.   I look forward to
hearing from you soon..

                                Sincerely,


                                Jon E. Lewis

JEL/bs
Enclosures
cc:     Mr. James Broughton

# EXHIBIT D

(Russ Gurley, LPC vocational disability report will
be provided at a later date)

# EXHIBIT E

*Celeste P*
*CIGNA Group Insurance*
629
Disability Management Solutions
P.O. Box 709015
Dallas, TX 75370-9015

Phone: 800-352-0611 ext. 8634985
Fax: 860-731-3211
<u>www.mycigna.com</u>



Cigna.

LEWIS & FELDMAN, LLC
2112 11TH AVE SO.
THE PLAZA BUILDING AT MAGNOLIA PARK
BIRMINGHAM, AL 35205

March 4, 2020

Name:                              JAMES BROUGHTON
Incident Number:                   4250092
Plan/Policy Number:                LK0964250
Plan/Policy Holder:                OPTIV SECURITY
Underwriting Company:              Life Insurance Company of North America

DEAR Mr. Broughton, c/o Lewis & Feldman LLC,

This letter is about your appeal for your Long Term Disability (LTD) benefits under the above mentioned policy. We have separated this letter into subject headings for your ease of reference.

<u>What is the Outcome of the Appeal Review?</u>

After completing our review of your claim, we must uphold our prior decision to deny your claim.

<u>What Provisions of the Disability Policy Apply to the Decision on Your Claim?</u>

According to your Employer's Policy:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1. unable to perform the material duties of his or her Regular Occupation; or*
*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been paid for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
*1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; or*
*2. unable to earn 60% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability."*

<u>What Information Was Reviewed?</u>

Your complete file, including any additional information you submitted, was reviewed in its entirety without deference to prior reviews.

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America and Cigna Life Insurance Company of New York (New York, NY). The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

March 4, 2020
Page 2



Who Reviewed Your Appeal?

Medical Doctor licensed in Orthopedics
Medical Doctor licensed in Occupational Medicine
Senior Appeals Specialist
Appeals Specialist

Additionally our Vocational Rehabilitation department conducted a Transferable Skill Analysis taking into consideration your functional capacity, education, training and experience.

How Was the Appeal Decision Reached?

Based on the information on file, you are a 63 year old male with disabling chronic neck and back pain due to degenerative disc disease.

To evaluate your functionality, we referred your file for a medical review by a physician that is board certified in orthopedics. The physician reviewed all of the medical documentation contained in your claim file.

The physician that is board certified in orthopedics documented that there is an extensive amount of medical records regarding your musculoskeletal history with a multitude of imaging work-up results, all of them identifying severe degenerative processes. While there is no documentation of findings such as motor/sensory changes or loss of gait/mobility completely to preclude activity status on a total basis, your severe pain symptoms stemming from underlying degenerative processes, along with clinical signs of limited and painful range of motion of the affected areas, positive impingement signs, and imaging evidence of severe degenerative processes warrant restrictions and limitations pertinent to the use of extremities, weight-bearing and material lifting status. Your pain symptoms are clearly organic in origin and etiology. There is established degenerative processes involving the cervical and lumbar spine and also the shoulder. There is no documentation of a significant medication adverse effect to preclude functioning further. This reviewer opined that the following restrictions were medically necessary:

Standing: up to 20 minutes at a time for a total of 2 hours per day
Walking: up to 15 minutes at a time for a total of 1 hour per day
Sitting: up to 30 minutes at a time for a total of 5 hours per day
Lifting/carrying/pushing/pulling: occasionally up to 10 lbs. w/ BUE's
Climbing stairs: occasionally
Bending: occasionally
Twisting: occasionally
Climbing ladders: never
Stooping: occasionally
Kneeling: occasionally
Bending: occasionally
Crouching: occasionally
Crawling: never
Reaching: occasionally overhead and below waist level, frequently waist and desk level
Use lower extremities for foot controls: frequently
Fine manipulation: frequently
Simple and firm grasping: frequently

The reviewer further opined that fatigue is clearly the result of degenerative processes, and therefore, aforementioned restrictions apply on a cumulative basis. You have a long-standing history of both cervical and lumbar disease, and accordingly, suffer from diffuse pain symptoms, repeatedly reported as severe as 8/10 based on Visual Analog Scale (VAS), and has clinical findings corresponding to imaging evidence of multi-level degenerative changes of the cervical and lumbar spine however, there is no condition to preclude work activity status completely.

To evaluate your functionality as a collective whole, we referred your file for a medical review by a physician that is board certified in occupational medicine. The physician reviewed all of the medical documentation contained in your claim file.

March 4, 2020
Page 3



The physician that is board certified in occupational medicine documented that reports of a total functional loss are inconsistent with and out of proportion to the medical records on file. There are no documented restrictions and limitations with secondary comorbidities considered. There is no documentation to support testicular cancer or renal calculi recurrence or complications and work activity restrictions are not medically necessary. Non-compliance with Sleep Study recommendations and continuous positive airway pressure (CPAP), indicating you are not physically functionally limited due to obstructive sleep apnea (OSA) and work activity restrictions are not medically necessary. Dr. Alderson's office visit note is devoid of documentation to support the diagnosis of hypertension (HTN) or complications including February 21, 2019, Laboratory Analysis and work activity restrictions are not medically necessary. May 1, 2018, the Social Security Administration (SSA) determined your residual functional capacity (RFC) is consistent with Sedentary Level work activity which is inconsistent with the claims of a total loss of function. Further, restrictions and limitations were based on based your orthopedic related chronic pain conditions. There was no documentation of functionally limiting comorbidities. Your May 20, 2019 Activities of Daily Living Questionnaire indicates you are unable to work due to pain and weakness, which resulted in daily difficulty and the inability to walk or move around without pain and discomfort. You did not mention considered comorbidities, which is consistent with this reviewer's review of the medical information. The reviewer opined that no documented work activity restrictions or limitation due to the conditions considered and work activity restrictions were not medically necessary.

We referred your file for a Transferable Skills Analysis (TSA) by a certified vocational rehabilitation counselor to determine if occupations exist that your client could perform based on the above restrictions and for which you would reasonably be qualified based on education, training and experience.

The results of the TSA indicated the following occupations exist, which meet all of the above requirements:

Dictionary of Occupational Titles (DOT) code 033.362-010, DOT Job Title Computer Security Specialist, annual wages $80,370, physical demand level sedentary
DOT code 030.167-014, DOT job title Systems Analyst, annual wages $76,950, physical demand level sedentary

Sedentary demand activities according to the Dictionary of Occupational Titles.

Sedentary- Exerting up to 10 pounds of force occasionally or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are Sedentary if walking and standing are required only occasionally and all other Sedentary criteria are met.

A Transferable Skills Analysis was completed using the above noted information. Occupation was identified that meet the your skills and work history. The limitations and restrictions outlined give you reasonable functional capacity to perform the occupation identified. . The identified occupations allow for postural changes. The most appropriate wage source was utilized for occupations using the most up to date source available.

Since you are not considered incapable or unqualified for the above referenced occupations, you no longer meet the definition of Disability from your policy. The policy provides that Life Insurance Company of North America would pay benefits only if you met the policy's requirements, including the definition of Disability. Disability is determined by medically supported limitations and restrictions which would preclude you from performing the material duties of any occupation. We do not dispute you may have been somewhat limited or restricted due to your subsequent diagnoses and treatment; however, an explanation of your functionality and how your functional capacity continuously prevented you from performing the material duties of any occupation from August 25, 2019 through the present and beyond was not clinically supported. The presence of a condition, diagnosis or treatment does not necessarily equate to a presence of a disabling condition or decreased level of functionality. As such, we are affirming our previous decision of July 25, 2019 and within the meaning and terms of your LTD policy. At this time, your claim remains closed and no further benefits are payable.

<u>How Was Your Social Security Award Considered in the Claim Decision?</u>

We are aware that you were awarded Social Security Disability Insurance (SSDI) benefits by the Social Security Administration (SSA) on June 28, 2018. We have considered that fact in the appeal review. We

March 4, 2020
Page 4



received your complete SSA file on September 16, 2019. According to the Notice of decision letter dated May 8, 2018, you were below a sedentary capacity and were 62 years old at date of onset. You had multiple back surgeries and steroid injections but continued to have severe pain due to degenerative disc disease. residual functional capacity.

Although we recognized that the SSA considered you totally disabled under their criteria, we received more current information than what the SSA had at the time of their decision. Your SSDI award was over a year old and no longer consistent with the more current medical information we received. The SSA file did not indicate that the SSA conducted an ongoing disability review since the initial award. We obtained new medical reviews, as stated earlier in this letter, which utilized the same information as the SSA in addition to more recent information.

For the reasons stated above, your SSDI award is less relevant to our appeal review. Your claim file has been reviewed in its entirety as a whole. SSA has internal administrative standards that are inconsistent with the policy under which you are covered. The award was less significant to your evaluation because you were above the age of 50 at the time of the award and are considered to be approaching advanced/retirement age by the SSA. SSA has internal administrative standards that reduce the standard of proof for older customers. These standards are inconsistent with the policy under which you are covered so the award's relevance is reduced. The criteria used by the SSA may be different from the requirements of the Policy under which you are covered. Under the Employer's LTD Policy, consideration is given to your supported restrictions and/or limitations along with your work experience, training and education. Based on this consideration, we have determined that you still have transferable skills to other occupations.

<u>What if You Do Not Agree with the Appeal Decision?</u>

If you disagree with our determination and wish to have it reviewed, please follow the steps described below.

Based on the information provided by your Employer, your claim is governed by the Employee Retirement Income Security Act of 1974, Public Law 93-406 (ERISA).

A second appeal request is not required but will be accepted if you have different or additional information to submit. Here is how to submit a second appeal review.

-- Submit your appeal letter to us within 180 days of your receipt of this letter.
-- Your appeal letter should be sent to the Life Insurance Company of North America representative signing this letter to the address noted on the letterhead.
-- Your appeal letter may include written comments as well as any new information you may have.
-- You may also submit additional information. Additional information may include, but is not limited to: medical records from your doctor and/or hospital, test result reports, therapy notes, etc. These medical records should cover the period of August 25, 2019 through present.
-- You may also wish to have your doctor(s) provide some or all of the following:
--Copies of any other diagnostic test results (such as - specific testing to particular situation/ condition) that document a sufficient degree of severity in your condition to render you unable to perform all the material duties of any occupation.
--Copies of treatment notes, office notes, physical therapy notes and/or consultation reports for the period of August 25, 2019 through the present that we may not have on file.
--Independent Medical Examination (IME)
--A discussion by your treating physician(s) of the medical evidence pointing to a condition that prevents you from performing all the material duties of any occupation. What are the current data sources used to make this determination?
--A discussion by your treating physician(s) describing your current and future treatment plan(s). What are the problems of treatment? What are the treatment goals (clinical and measurable)? What are the treatment strategies for each goal? How does the treatment plan address your return to work?

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter.

You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a). You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local United States Department of Labor Office

March 4, 2020
Page 5

or your State Insurance Regulatory Agency.

<u>Please be advised that the Policy under which you are insured states the following:</u>

**Legal Actions**
*"No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, has been furnished as required by the Policy. No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished."*

**Time Limitations**
*"If any time limit stated in the Policy for giving notice of claim or proof of loss, or for bringing any action at law or in equity, is less than that permitted by the law of the state in which the Employee lives when the Policy is issued, then the time limit provided in the Policy is extended to agree with the minimum permitted by the law of that state."*

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please be aware that you are entitled to receive, upon request and free of charge, information relevant to your claim for benefits.

You have the right to have this matter reviewed by the Michigan Department of Insurance and Financial Services.

Please contact our office at 800-352-0611 ext. 8634985 should you have any questions.

Sincerely,

*Celeste P*

Celeste P
Disability Claim Manager